IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE DENNEY,

    Plaintiff,

vs.                                                                 No. _____

SANDIA CORPORATION, a Delaware Corporation
d/b/a SANDIA NATIONAL LABORATORIES,   **CIV-02-1172 MV LFG**

    Defendant.

## NOTICE OF REMOVAL

Defendant removes this matter to the United States District Court for the District of New Mexico, and as grounds therefor states:

    1.    On August 15, 2002 Plaintiff filed an action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Cause CV 2002-05827. A copy of the Complaint is attached hereto as Exhibit A.

    2.    This action is removable under 28 U.S.C. §1441 in that this action is founded on claims or rights arising under laws of the United States, and in particular, The Americans with Disabilities Act, 42 U.S.C. §12102, the Age Discrimination in Employment Act, 29 U.S.C. §623, and 42 U.S.C. §1981.

    3. The Court should exercise supplemental jurisdiction over the remaining claims in the Complaint pursuant to 28 U.S.C. §1367.

WHEREFORE, Defendant prays that the above action now pending against it in the Second Judicial District Court of the State of New Mexico, Bernalillo County, be removed therefrom to this Court.

KREHBIEL, BANNERMAN & WILLIAMS, P.A.

By _____
Carol Lisa Smith
Sarah Knoelle Downey
Attorneys for Defendant
6400 Uptown Blvd., NE #200 West
Albuquerque, NM 87110
505/837-1900; fax 505/837-1800

I hereby certify that a true and correct copy of the foregoing pleading was mailed to counsel of record this 12th day of Sept, 2002.

_____
Carol Lisa Smith

2

ENDORSED
FILED IN MY OFFICE THIS

AUG 1 5 2002

*[signature]*
CLERK DISTRICT COURT

JULIA ORTEGA ROYBAL

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

DIANE DENNEY,

    Plaintiff,

vs.

No. **CV- 2002 05827**

SANDIA CORPORATION, a Delaware Corporation
d/b/a SANDIA NATIONAL LABORATORIES,

    Defendant.

### COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, AGE DISCRIMINATION IN EMPLOYMENT ACT, NEW MEXICO HUMAN RIGHTS ACT AND CIVIL RIGHTS VIOLATIONS AND APPEAL UNDER THE HUMAN RIGHTS ACT

COMES NOW the Plaintiff Diane Denney, by and through her attorney Burton F. Broxterman, and for her complaint and appeal states:

### PARTIES, JURISDICTION, VENUE AND NATURE OF THE CASE

1. The Plaintiff, Diane Denney, is a citizen of the United States of America, and has at all times material herein been a New Mexico resident residing in the city of Albuquerque in Bernalillo County New Mexico and the matters subject of this cause of action arose in said county and state.

2. The Defendant, Sandia Corporation (hereinafter "Defendant"), is a Delaware Corporation doing business, and authorized to do business in the State of New Mexico with its primary place of business being in Albuquerque, Bernalillo County, New Mexico.

3. At all times material herein the Plaintiff was an employee of Defendant in Bernalillo County New Mexico.



EXHIBIT A

4. This action is brought under Title I of the American's with Disabilities Act of 1990, 42 U.S.C § 12102 (hereinafter "ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 623 (hereinafter "ADEA"), 42 U.S.C. § 1981 (hereinafter "§ 1981") and the New Mexico Human Rights Act §28-1-1 et seq. (hereinafter "NMHRA").

5. Plaintiff is a person with a disability as defined by the ADA who has been discriminated against with respect to the terms, conditions, and privileges of employment on account of her disability.

6. Plaintiff is a person over the age of 40 who has been discriminated against with respect to the terms, conditions, and privileges of employment on account of her age.

7. Defendant is an employer subject to suit under the ADA, ADEA, § 1981, and the Human Rights Act of the State of New Mexico NMSA § 28-1-1 et seq.

8. Plaintiff had a contractual employee relationship with Defendant at the time of the discrimination that violated her federally protected Civil Rights. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343(a)(3) and (4) and § 1331.

9 This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), 42 U.S.C. §§ 1981 et seq., New Mexico Statutory Law and the Common Law. This Court has jurisdiction of this action over the parties pursuant to 28 U.S.C. §§ 1331, 1337, and 1343 (a)(4) and 42 U.S.C. § 2000e-5(f).

10. Venue is properly in this Court pursuant to 28 U.S.C. § 1391.

11. The unlawful employment practices alleged in this complaint were committed in the State of New Mexico.

12. Defendant is an "employer" within the meaning of § 701(b) of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

13. Plaintiff is alleging discrimination based on age and serious medical condition pursuant to NMSA 28-1-7(A), (C) and (J) of the NMHRA.

14. This complaint is also an appeal of the determination of the Human Rights Division of the State of New Mexico (hereinafter HRD), approved by the Equal Employment Opportunity Commission (hereinafter "EEOC").

15. On or about January 14, 2002 Plaintiff filed a charge of discrimination due to age and disability against Defendant with the HRD. The charge of discrimination was also filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") office in Albuquerque, New Mexico.

16. On or about July 15, 2002 the HRD issued a letter of determination of no probable cause. The EEOC adopted the HRD decision and issued a notice of suit rights on August 8, 2002.

17. This action is timely filed and Plaintiff has satisfied all private, administrative and judicial pre-requisites to the institution of this action.

18. Plaintiff seeks compensatory and punitive damages as well as attorney's fees and costs.

## FACTUAL ALLEGATIONS

19. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-18 of this complaint.

20. In November 1992 Plaintiff entered into employment and employment contract with Defendant based on Defendants presentation of job opportunities, promotions,

employee handbooks and various other documentation presented to her during her employment process and thereafter to induce her employment and continued employment.

21. Plaintiff's date of birth is October 30, 1940 and during all times material herein she was over the age of 40 years.

22. From 1992 through 1997 employee's reviews by her supervisors with Defendant Sandia Corporation (Sandia) were exemplary and she received substantial pay increases.

23. In January 1998 Plaintiff accepted a new position with Defendant at the Laboratory Directed Research and Development (hereinafter "LDRD") where her supervisor was Charles Meyers and who continued to be her supervisor at all times material herein.

24. From January 1998 to September 1999, a period of approximately twenty months, Plaintiff did not receive a single pay increase even though she was given high reviews by Meyers.

25. It is believed and therefore alleged that other employees with similar reviews received substantial pay increases. Her salary was on the substantially low end based on base salary distribution in spite of her high performance reports.

26. Prior to Meyers supervision Plaintiff experienced several strokes, however upon her return to employment her performance had always been exemplary as shown by her various performance reviews.

27. On September 10, 2001, at which time Plaintiff was 61 years of age and had suffered the several strokes referred to previously, she received a mediocre

4

performance review by Meyers even though her performance had continued to be equal to or better than during her previous years with Defendant.

28. During the period leading up to the review, Meyers had never indicated to Plaintiff that there were any problems with her performance, contrary to the procedures of Defendant which require discussion, coaching and feedback.

29. On one occasion, prior to the performance review, Meyers indicated to Plaintiff that he did not have to worry about her in that she would not be there much longer, which was stated during conversation regarding salaries and promotions.

30. Plaintiff asked Meyers concerning the mediocre performance review as to any problems and he had no complaints with the exception that several of her co-workers had complained about her performance which was false.

31. Plaintiff approached Meyers to discuss two DASA positions which were open and for which she wished to apply. He told her "no" without any further discussion. Plaintiff later contacted Meyers concerning an MLS position which was open and he indicated that that particular position required a Bachelor's degree and she only had an associate degree therefore she could not apply.

32. During this period of time Plaintiff was repeatedly harassed and subjected to embarrassing comments by Meyers in front of other employees.

33. Plaintiff was obligated to work in an atmosphere hostile to her, evidently due to her age and disability to the extent that it was sufficiently severe or pervasive to alter the terms, conditions and privileges of Plaintiff's employment and created a working environment intimidating, insulting and abusive to her.

5

34. During this time Meyers indicated to Plaintiff that he was at fault but continued the same course of action to the extent that Plaintiff requested the Human Rights Division of Defendant to review his actions.

35. In spite of Plaintiff's complaint Defendant continued to allow Meyers to pursue the activities complained of and due to this severe and pervasive harassment, and refusal to promote or consider for promotions, Plaintiff had no choice but to take medical leave on October 1, 2001;

36. To the best of Plaintiff's knowledge Meyers has been promoted by Defendant to higher positions where he can continue this discriminating activity against other employees based on their age and disability conditions and is being rewarded for this kind of activity.

37. At the time of Defendant's refusal to allow Plaintiff to seek the MLS position due to the fact that she did not have a degree, it was well known to Meyers that this was not a requirement of the position based on Sandia's publications concerning that job. This was also well known by other supervisory personnel who participated in this discrimination by continuing to allege this requirement when it was well known that no such requirement existed.

38. After going on medical leave due to being unable to work for Plaintiff through its supervisor Meyers, Plaintiff continued to apply for other postings to get out of the hostile environment created by Meyers. During these interviews she was repeatedly asked concerning her disability and how it would affect her job performance. This was in face of the fact that all of her personnel information showed excellent performance and she had received several monetary awards for excellence plus a President's Quality award previous to being supervised by Meyers.

6

39. In February 2002 Plaintiff accepted a posted job in the benefits department which is a lateral transfer and not a promotion to the MLS or DASA as she should have received.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

40. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-39 of this complaint.

41. This cause of action is brought under Title I of the ADA, 42 U.S.C. § 12102.

42. The Defendant employs 15 or more persons and is an employer within the meaning of the ADA, 42 U.S.C. § 12111(5)(A).

43. The Defendant is a covered entity as defined by the ADA, 42 U.S.C. § 12111(2).

44. The Plaintiff has a physical and mental impairment that substantially limits one or more of her major life activities and is regarded as having such an impairment as defined by the ADA, 42 U.S.C. § 12102(2), 29 CFR § 1630.2(j).

45. The Plaintiff was able to perform the essential functions of the employment position and is otherwise a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(8). The Defendant forced the Plaintiff to take medical leave due to the hostile work environment created by Defendant and on the basis of her disability in direct violation of the ADA.

46. The Defendant illegally discriminated against the Plaintiff with respect to the terms, conditions, and privileges of employment in direct violation of the ADA including,

but not limited to: refusal to allow her to apply for various promotions based on false and misleading statements to her.

47. As a direct and proximate result of the Defendant's discrimination in violation of the ADA, the Plaintiff has been deprived of economic and non-economic benefits including, but not limited to: lost wages, loss of promotion, mental anguish, humiliation, stigmatization associated with forcing her to take medical leave, embarrassment and loss of enjoyment of work.

48. The Defendant's conduct, through its employee Meyers, was malicious, willful, wanton and designed to deprive the Plaintiff of her rights guaranteed by Title I of the American's with Disabilities Act, thereby entitling the Plaintiff to an award of punitive damages.

49. Plaintiff is entitled to her attorney's fees and costs.

## COUNT 2

### DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

50. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-49 of this complaint.

51. Plaintiff brings this claim pursuant to the ADEA, 29 U.S.C. § 623.

52. At all times material to the allegations in this complaint, the Plaintiff was over 40 years of age.

53. At all times material to the allegations of this complaint, Plaintiff was doing highly satisfactory work for Defendant.

54. Plaintiff was forced to take medical leave in October 2001 due to the hostile work environment created by Defendant acting through its agent Meyers.

55. Plaintiff was illegally discriminated against by Defendant with respect to the terms, conditions and privileges of employment in direct violation of the ADEA including but not limited to the refusal to allow her to apply for various promotions by giving her false information concerning the requirements of those positions.

56. As a direct and proximate result of the Defendant's above described actions, Plaintiff has been damaged and continues to be damaged in that, among other things, she has suffered a reduced benefits, loss of salary, loss of promotion, mental anguish, humiliation, forced to take medical leave, embarrassment and loss of engagement of work. The Plaintiff is entitled to compensations for such items, plus compensation for the stigma attached to forcing her to take medical leave and to having been required to institute this suit against her employer.

57. Because Defendant's actions were malicious, willful, knowing and in wanton disregard of Plaintiff's rights, punitive damages are warranted.

58. Plaintiff is entitled to recover her attorney's fees and costs accrued herein.

## COUNT 3

### VIOLATIONS OF 42, U.S.C. § 1981

59. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 58 of this complaint.

60. Plaintiff was an individual protected by Federal Civil Rights statutes, including the ADA, ADEA and §1981.

61. The Defendant systematically and deliberately violated the Civil Rights of the Plaintiff.

62. As a direct and proximate result of Defendant's conduct, acting through its agent Meyers, the Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, lost wages, reduced pension and retirement benefits, reduced fringe benefits, mental anguish, humiliation, stigmatization associated with being forced to take medical leave, harassment and embarrassment in front of other employees and the loss of enjoyment of work.

63. The Defendants conduct was malicious, willful, wanton, knowing and designed to deprive the Plaintiff of her Civil Rights thereby entitling the Plaintiff to an award of punitive damages.

## COUNT 4
### VIOLATION OF NMSA 28-1-1 ET SEQ.

64. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-63 of this complaint.

65. Plaintiff brings this claim pursuant to NMSA 28-1-7 in that the above acts of Defendant were a discriminatory practice based on age and serious medical condition contrary to NMSA 28-1-7(A), (C) and (J).

66. As a direct and proximate result of the Defendant's discrimination in violation of the NMHRA, the Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, lost wages, reduction of pension and retirement benefits, reduction of fringe benefits, mental anguish, humiliation, stigmatization associated with her being forced to take medical leave, embarrassment and humiliation at work, embarrassment and loss of enjoyment of work.

67. The Defendant's conduct was malicious, knowing, willful, wanton and designed to deprive the Plaintiff of her rights guaranteed by the New Mexico Human Rights Act thereby entitling Plaintiff to an award of punitive damages.

68. Plaintiff is entitled to recover her attorney's fees and costs and such other relief as the Court may deem just and proper.

## COUNT 5

## BREACH OF EMPLOYMENT CONTRACT

69. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-68 of this complaint.

70. Plaintiff had a contractual employment relationship with the Defendant in which the Plaintiff agreed to work, and continuing to work for, the Defendant in return for monetary compensation and benefits based on her accepting employment contingent upon the various publications, employee books and job descriptions offered by Defendant.

71. As a direct and proximate result of the Defendant's above described actions, Plaintiff has been damaged, and continues to be damaged, in that among other things she has been deprived of economic and non-economic benefits including, but not limited to lost wages, loss of promotion, mental anguish, humiliation, forced to take medical leave, embarrassment and loss of enjoyment of work.

72. The Defendant's conduct was malicious, willful, wanton and designed to deprive the Plaintiff of her rights under her employment contract with Defendant and thereby entitling the Plaintiff to an award of punitive damages.

WHEREFORE Plaintiff requests that this Court grant the following relief:

1. Declare that the Defendant's conduct constitutes a violation of Title I of the ADA;

2. Declare that the Defendant's conduct constitutes a violation of the ADEA;

3. Declare that the Defendant's conduct constituted a violation of §1981;

11

4. Declare that the Defendant's conduct constituted a violation of the New Mexico Human Rights Act;

5. Declare that the Defendant violated it's employment contract with Plaintiff.

6. Order the Defendant to pay compensatory and punitive damages;

7. Order the Defendant to pay Plaintiff's attorney's fees and costs incurred in this action, and

8. Grant such other and additional relief as the Court may deem just and proper.

Burton F. Broxterman
Attorney for Plaintiff
2539 Wyoming NE, Suite A
Albuquerque, NM 87112
(505) 296-4821

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

DIANE DENNEY,

    Plaintiff,

vs.

No. **CV- 2002 05827**

SANDIA CORPORATION, a Delaware Corporation
d/b/a SANDIA NATIONAL LABORATORIES,

    Defendant.

## SUMMONS
## STATE OF NEW MEXICO

TO: Sandia Corporation
   c/o Corporation Service Company
   123 East Palace Avenue
   Santa Fe, NM 87501



Defendant(s), Greeting:

  This summons notifies you that a Complaint has been filed against you. You are required to file an Answer to the Complaint, or a responsive motion, within 30 DAYS AFTER THE SUMMONS HAS BEEN SERVED ON YOU. You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

  IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE MOTION WITHIN THE 30 DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.

Address of the District Court: 400 Lomas NW, Albuquerque, NM 87103

Name and address of Plaintiff's Attorney: Burton F. Broxterman, Attorney at Law, 2539 Wyoming NE, Ste. A, Albuquerque, NM 87112.

  WITNESS the Honorable __THERESA BACA__ District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this _____ day of __AUG 1 5 2002__, 2002.

            BENNINA ARMIJO-SISNEROS
            CLERK OF THE DISTRICT COURT

(SEAL)            JULIA ORTEGA ROYBAL
          By:_____